1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
   Norman B. Blumenthal (State Bar #068687)
2  Kyle R. Nordrehaug (State Bar #205975)
   Aparajit Bhowmik (State Bar #248066)
3  Nicholas J. De Blouw (State Bar #280922)
   2255 Calle Clara
4  La Jolla, CA 92037
   Telephone: (858)551-1223
5  Facsimile: (858) 551-1232
   Website: www.bamlawca.com
6
   Attorneys for Plaintiff
7
                    **UNITED STATES DISTRICT COURT**
8
                    **EASTERN DISTRICT OF CALIFORNIA**
9

10

11  VICTOR VELASQUEZ, an individual, on       Case No._____
    behalf of himself and on behalf of all    **CLASS ACTION COMPLAINT FOR:**
12  persons similarly situated,                1.  UNFAIR COMPETITION IN VIOLATION
                                               OF CAL. BUS. & PROF. CODE §§ 17200, *et*
13              Plaintiff,                     *seq.*;
                                               2.  FAILURE TO PAY OVERTIME WAGES IN
14  vs.                                        VIOLATION OF CAL. LAB. CODE §§ 510, *et*
                                               *seq.*;
15  SUN-MAID GROWERS OF                        3.  FAILURE TO PAY MINIMUM WAGES IN
    CALIFORNIA, a California Corporation;      VIOLATION OF CAL. LAB. CODE §§ 1194,
16  and Does 1 through 50, Inclusive;          1197 & 1197.1;
                                               4.  FAILURE TO PROVIDE REQUIRED MEAL
17              Defendants.                    PERIODS IN VIOLATION OF CAL. LAB.
                                               CODE §§ 226.7 & 512 AND THE APPLICABLE
18                                             IWC WAGE ORDER;
                                               5.  FAILURE TO PROVIDE REQUIRED REST
19                                             PERIODS IN VIOLATION OF CAL. LAB.
                                               CODE §§ 226.7 & 512 AND THE APPLICABLE
20                                             IWC WAGE ORDER;
                                               6.  FAILURE TO PROVIDE ACCURATE
21                                             ITEMIZED STATEMENTS IN VIOLATION OF
                                               CAL. LAB. CODE § 226;
22                                             7.  FAILURE TO REIMBURSE EMPLOYEES
                                               FOR REQUIRED EXPENSES IN VIOLATION
23                                             OF CAL. LAB. CODE § 2802;
                                               8.  FAILURE TO PROVIDE WAGES WHEN
24                                             DUE IN VIOLATION OF CAL. LAB. CODE §§
                                               201, 202 AND 203; and
25                                             9.  FAILURE TO PAY STRAIGHT AND
                                               OVERTIME COMPENSATION IN
26                                             VIOLATION OF 29 U.S.C. §§ 201, *et seq.*

27                                             **DEMAND FOR A JURY TRIAL**

28
                                    1

Plaintiff Victor Velasquez ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant Sun-Maid Growers of California ("DEFENDANT") is a California corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.      DEFENDANT operates a raisin and dried fruit processing plant. Since 1912, DEFENDANT has been headquartered in the San Joaquin Valley.

3.      PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay, minimum wages and meal and rest periods from September of 2016 to March of 2020.  PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date  four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for

all their overtime worked.  DEFENDANT's uniform policy and practice alleged herein is an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.    The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

7.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their overtime worked.  DEFENDANT unlawfully and unilaterally failed to accurately calculate wages for overtime worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct overtime compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for working overtime without compensation at the correct overtime rates.  DEFENDANT's uniform policy and

practice to not pay the members of the CALIFORNIA CLASS the correct overtime rate for all overtime worked in accordance with applicable law is evidenced by DEFENDANT's business records.  This uniform policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct California overtime and federal overtime compensation as required by the Fair Labor Standards Act which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law.

8.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work.  DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control.  Specifically, DEFENDANT required PLAINTIFF to work while clocked out during what was supposed to be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work assignments.  Indeed there were many days where PLAINTIFF did not even receive a partial lunch.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by regularly working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime rates. To the extent that the time worked off the clock did not qualify for overtime premium payment, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1. Further, PLAINTIFF and other members of the CALIFORNIA CLASS from time to time were not paid wages for all time worked, including overtime wages, such that in the aggregate employees were

underpaid wages as a result of DEFENDANT's pattern and practice of unevenly rounding time worked by its employees.

9.    State and federal law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay."   PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

10.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.   The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay.   Management and supervisors described the incentive program to potential and new employees as part of the compensation package.  As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay."  DEFENDANT also underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay. Specifically, PLAINTIFFS and other non-exempt employees regularly earn non-discretionary remuneration, including but not limited to, incentives, shift differential pay, and bonuses.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFFS and other CALIFORNIA CLASS Members at their base rates of pay. The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

CLASS ACTION COMPLAINT

11.     In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally and knowingly failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all overtime worked. This uniform policy and practice of DEFENDANT is intended to purposefully avoid the payment of the correct overtime compensation as required by California law which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

12.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take off duty meal breaks and were not fully relieved of duty for meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours of work. PLAINTIFF and the other CALIFORNIA CLASS Members therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

13.     During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten

(10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's uniform policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and was unlawful based on Defendant's rule which stated PLAINTIFF and other CALIFORNIA CLASS Members could not leave the work premises during their rest period.

14.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary

1  expenditures or losses incurred by the employee in direct consequence of the discharge

2  of his or her duties, or of his or her obedience to the directions of the employer, even

3  though unlawful, unless the employee, at the time of obeying the directions, believed

4  them to be unlawful."

5      15.    In the course of their employment PLAINTIFF and other CALIFORNIA

6  CLASS Members as a business expense, are required by DEFENDANT to use their own

7  personal cellular phones as a result of and in furtherance of their job duties as

8  employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT

9  for the cost associated with the use of their personal cellular phones and personal

10  vehicles, including gas money, for DEFENDANT's benefit.  As a result, in the course

11  of their employment with DEFENDANT, PLAINTIFF and other members of the

12  CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are

13  not limited to, costs related to the use of their personal cellular phones and personal

14  vehicles all on behalf of and for the benefit of DEFENDANT.

15      16.    From time to time, DEFENDANT also failed to provide PLAINTIFF and

16  the other members of  the CALIFORNIA CLASS with complete and accurate wage

17  statements which failed to show, among other things, the correct overtime rate for

18  overtime worked, the correct gross wages earned, including, wages for work performed

19  in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and

20  the correct penalty payments for missed meal and rest periods.  Cal. Lab. Code § 226

21  provides that every employer shall furnish each of his or her employees with an accurate

22  itemized wage statement in writing showing, among other things, gross wages earned

23  and all applicable hourly rates in effect during the pay period and the corresponding

24  amount of time worked at each hourly rate. Specifically, DEFENDANT violated Section

25  226 by failing to identify the correct rates of pay and number of hours worked, including

26  for the "Other Earnings," item of pay.  Aside, from the violations listed above in this

27  paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement

28

that lists all the requirements under California Labor Code 226 *et seq*.  As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

17.    Cal. Lab. Code § 204 provides that "[a]ll wages. . .earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Further, Cal. Lab. Code § 204(d) expressly requires employers to pay employees all wages owed within seven (7) days of the close of the payroll period.  DEFENDANT from time to time failed to pay PLAINTIFF and other CALIFORNIA CLASS Members all wages owed to them within seven (7) days of the close of the payroll period.

18.    By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct overtime rate for the overtime worked by PLAINTIFF and other CALIFORNIA CLASS Members.  The proper calculation of these employees' overtime rates is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

19.    Specifically as to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components. One component of PLAINTIFF's compensation was a base hourly wage.  The second component of PLAINTIFF's compensation were non-discretionary incentive wages. DEFENDANT paid the incentive wages, so long as PLAINTIFF met certain predefined performance

requirements.  PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in various pay periods throughout his employment with DEFENDANT and DEFENDANT paid PLAINTIFF the non-discretionary incentive wages.  During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate overtime rate and thereby underpaid PLAINTIFF for overtime worked throughout his employment with DEFENDANT.  The incentive compensation paid by DEFENDANT constituted wages within the meaning of the California Labor Code and thereby should have been part of PLAINTIFF's "regular rate of pay."  PLAINTIFF was also from time to time unable to take off duty meal and rest breaks and was not fully relieved of duty for his meal periods.  PLAINTIFF was required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving an off-duty meal break.  Further, DEFENDANT failed to provide PLAINTIFF with a second off-duty meal period from time to time in which he was required by DEFENDANT to work ten (10) hours of work.   PLAINTIFF therefore forfeited meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.  DEFENDANT also provided PLAINTIFF with a pay stub that failed to accurately display PLAINTIFF's correct rates of overtime pay and payments for missed meal and rest periods for certain pay periods in violation of Cal. Lab. Code § 226(a).  To date, DEFENDANT has not fully paid PLAINTIFF the overtime compensation, minimum wage pay, and meal and rest break premium wages still owed to him or any penalties owed to his under Cal. Lab. Code § 203.

///

///

///

**JURISDICTION AND VENUE**

20.     This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3).   Defendant is subject to Jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, see The  Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

21.     Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.

**THE CALIFORNIA CLASS**

22.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

23.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

24.     The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that  "[a]ny work in excess of eight hours in one workday and any work in

excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..."  (Lab. Code § 510(a).) Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS and/or the CALIFORNIA LABOR SUB-CLASS qualify for exemption from the above requirements.

25.   DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record overtime compensation for overtime worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this overtime work.

26.   DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member is paid the applicable rate for all overtime worked and to accurately calculate the "regular rate of pay" by including the incentive compensation that PLAINTIFF and members of the CALIFORNIA CLASS were awarded by DEFENDANT.  DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that

1   each and every CALIFORNIA CLASS Member is paid the applicable overtime rate

2   for all overtime worked, so as to satisfy their burden.  This common business

3   practice applicable to each and every CALIFORNIA CLASS Member can be

4   adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

5   Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages,

6   and reliance are not elements of this claim.

7        27.    At no time during the CALIFORNIA CLASS PERIOD was the

8   compensation for any member of the CALIFORNIA CLASS properly recalculated so

9   as to compensate the employee for all overtime worked at the applicable rate, as

10  required by California Labor Code §§ 204 and 510, *et seq*.  At no time during the

11  CALIFORNIA CLASS PERIOD was the overtime compensation for any member of

12  the CALIFORNIA CLASS properly recalculated so as to include all earnings in the

13  overtime compensation calculation as required by California Labor Code §§ 510, *et*

14  *seq*.

15       28.    The CALIFORNIA CLASS, is so numerous that joinder of all

16  CALIFORNIA CLASS Members is impracticable.

17       29.    DEFENDANT uniformly violated the rights of the CALIFORNIA

18  CLASS under California law by:

19            (a)    Violating the California Unfair Competition Laws, Cal. Bus. &

20                   Prof. Code §§ 17200, *et seq*., by unlawfully, unfairly and/or

21                   deceptively having in place company policies, practices and

22                   procedures that failed to pay all minimum and overtime wages

23                   due the CALIFORNIA CLASS for all time worked, and failed to

24                   accurately record the applicable rates of all overtime worked by

25                   the CALIFORNIA CLASS;

26            (b)    Committing an act of unfair competition in violation of the

27                   California Unfair Competition Laws, Cal. Bus. & Prof. Code §§

28

17200, *et seq.*, by unlawfully, unfairly, and/or deceptively having in place a company policy, practice and procedure that failed to correctly calculate overtime compensation due to PLAINTIFF and the members of the CALIFORNIA CLASS;

(c)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct federal overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally required by the FLSA, and retaining the unpaid federal overtime to the benefit of DEFENDANT.;

(d)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties;

(e)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members; and,

(f)     Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct

14

1    overtime wages to the PLAINTIFF and the members of the

2    CALIFORNIA CLASS as legally required by the FLSA, and

3    retaining the unpaid overtime to the benefit of DEFENDANT.

4    30.    This Class Action meets the statutory prerequisites for the maintenance

5    of a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

6    (a)    The persons who comprise the CALIFORNIA CLASS are so

7    numerous that the joinder of all such persons is impracticable and

8    the disposition of their claims as a class will benefit the parties

9    and the Court;

10   (b)    Nearly all factual, legal, statutory, declaratory and injunctive

11   relief issues that are raised in this Complaint are common to the

12   CALIFORNIA CLASS will apply uniformly to every member of

13   the CALIFORNIA CLASS;

14   (c)    The claims of the representative PLAINTIFF are typical of the

15   claims of each member of the CALIFORNIA CLASS.

16   PLAINTIFF, like all the other members of the CALIFORNIA

17   CLASS, was subjected to the uniform employment practices of

18   DEFENDANT and was a non-exempt employee paid on an

19   hourly basis and paid additional non-discretionary incentive

20   wages who was subjected to the DEFENDANT's practice and

21   policy which fails to pay the correct rate of overtime wages due to

22   the CALIFORNIA CLASS for all overtime worked by the

23   CALIFORNIA CLASS and thereby systematically underpays

24   overtime compensation to the CALIFORNIA CLASS.

25   PLAINTIFF sustained economic injury as a result of

26   DEFENDANT's employment practices.  PLAINTIFF and the

27   members of the CALIFORNIA CLASS were and are similarly or

28

1  identically harmed by the same unlawful, deceptive, unfair and

2  pervasive pattern of misconduct engaged in by DEFENDANT;

3  and,

4      (d)  The representative PLAINTIFF will fairly and adequately

5  represent and protect the interest of the CALIFORNIA CLASS,

6  and has retained counsel who are competent and experienced in

7  Class Action litigation.  There are no material conflicts between

8  the claims of the representative PLAINTIFF and the members of

9  the CALIFORNIA CLASS that would make class certification

10  inappropriate.  Counsel for the CALIFORNIA CLASS will

11  vigorously assert the claims of all CALIFORNIA CLASS

12  Members.

13      31.  In addition to meeting the statutory prerequisites to a Class Action, this

14  action is properly maintained as a Class Action pursuant to  Fed R. Civ. Proc.

15  23(b)(2) and/or (3), in that:

16      (a)  Without class certification and determination of declaratory,

17  injunctive, statutory and other legal questions within the class

18  format, prosecution of separate actions by individual members of

19  the CALIFORNIA CLASS will create the risk of:

20      1)  Inconsistent or varying adjudications with respect to

21  individual members of the CALIFORNIA CLASS which

22  would establish incompatible standards of conduct for the

23  parties opposing the CALIFORNIA CLASS; and/or,

24      2)  Adjudication with respect to individual members of the

25  CALIFORNIA CLASS which would as a practical matter

26  be dispositive of interests of the other members not party to

27  the adjudication or substantially impair or impede their

28

1      ability to protect their interests.

2      (b)     The parties opposing the CALIFORNIA CLASS have acted or

3              refused to act on grounds generally applicable to the

4              CALIFORNIA CLASS, making appropriate class-wide relief with

5              respect to the CALIFORNIA CLASS as a whole in that

6              DEFENDANT uniformly failed to pay all wages due. Including

7              the correct overtime rate, for all worked by the members of the

8              CALIFORNIA CLASS as required by law;

9              1)      With respect to the First Cause of Action, the final relief on

10                     behalf of the CALIFORNIA CLASS sought does not relate

11                     exclusively to restitution because through this claim

12                     PLAINTIFF seeks declaratory relief holding that the

13                     DEFENDANT's policy and practices constitute unfair

14                     competition, along with declaratory relief,  injunctive

15                     relief, and incidental equitable relief as may be necessary to

16                     prevent and remedy the conduct declared to constitute

17                     unfair competition;

18     (c)     Common questions of law and fact exist as to the members of the

19              CALIFORNIA CLASS, with respect to the practices and

20              violations of California law as listed above, and predominate over

21              any question affecting only individual CALIFORNIA CLASS

22              Members, and a Class Action is superior to other available

23              methods for the fair and efficient adjudication of the controversy,

24              including consideration of:

25              1)      The interests of the members of the CALIFORNIA CLASS

26                     in individually controlling the prosecution or defense of

27                     separate actions in that the substantial expense of

28

CLASS ACTION COMPLAINT

individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and

CLASS ACTION COMPLAINT

1   unnecessary duplicative litigation that is likely to result in

2   the absence of certification of this action pursuant to  Fed

3   R. Civ. Proc. 23(b)(2) and/or (3).

4   32.   This Court should permit this action to be maintained as a Class Action

5   pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

6   (a)   The questions of law and fact common to the CALIFORNIA

7   CLASS predominate over any question affecting only individual

8   CALIFORNIA CLASS Members because the DEFENDANT's

9   employment practices are uniform and systematically applied

10   with respect to the CALIFORNIA CLASS;

11   (b)   A Class Action is superior to any other available method for the

12   fair and efficient adjudication of the claims of the members of the

13   CALIFORNIA CLASS because in the context of employment

14   litigation a substantial number of individual CALIFORNIA

15   CLASS Members will avoid asserting their rights individually out

16   of fear of retaliation or adverse impact on their employment;

17   (c)   The members of the CALIFORNIA CLASS are so numerous that

18   it is impractical to bring all members of the CALIFORNIA

19   CLASS before the Court;

20   (d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will

21   not be able to obtain effective and economic legal redress unless

22   the action is maintained as a Class Action;

23   (e)   There is a community of interest in obtaining appropriate legal

24   and equitable relief for the acts of unfair competition, statutory

25   violations and other improprieties, and in obtaining adequate

26   compensation for the damages and injuries which

27   DEFENDANT's actions have inflicted upon the CALIFORNIA

28

1  CLASS;

2  (f)  There is a community of interest in ensuring that the combined

3  assets of DEFENDANT are sufficient to adequately compensate

4  the members of the CALIFORNIA CLASS for the injuries

5  sustained;

6  (g)  DEFENDANT has acted or refused to act on grounds generally

7  applicable to the CALIFORNIA CLASS, thereby making final

8  class-wide relief appropriate with respect to the CALIFORNIA

9  CLASS as a whole;

10  (h)  The members of the CALIFORNIA CLASS are readily

11  ascertainable from the business records of DEFENDANT; and,

12  (i)  Class treatment provides manageable judicial treatment calculated

13  to bring a efficient and rapid conclusion to all litigation of all

14  wage and hour related claims arising out of the conduct of

15  DEFENDANT as to the members of the CALIFORNIA CLASS.

16  33.  DEFENDANT maintains records from which the Court can ascertain

17  and  identify by job title each of DEFENDANT's employees who as have been

18  systematically, intentionally and uniformly subjected to DEFENDANT's company

19  policy, practices and procedures as herein alleged.  PLAINTIFF will seek leave to

20  amend the Complaint to include any additional job titles of similarly situated

21  employees when they have been identified.

22

23  **THE CALIFORNIA LABOR SUB-CLASS**

24  34.  PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth,

25  Seventh and Eighth causes of Action on behalf of a California sub-class, defined as

26  all members of the CALIFORNIA CLASS classified as non-exempt employees (the

27  "CALIFORNIA LABOR SUB-CLASS") at any time during the period beginning on

28

1    the date three (3) years prior to the filing of the complaint and ending on the date as

2    determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD")

3    pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3).

4        35.    DEFENDANT, as a matter of company policy, practice and procedure,

5    and in violation of the applicable Labor Code, Industrial Welfare Commission

6    ("IWC") Wage Order requirements, and the applicable provisions of California law,

7    intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT

8    failed to correctly calculate overtime compensation for the overtime worked by

9    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS,

10   even though DEFENDANT enjoyed the benefit of this work, required employees to

11   perform this work and permitted or suffered to permit this overtime work.

12   DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS

13   Members overtime wages at the correct amount to which these employees are

14   entitled in order to unfairly cheat the competition and unlawfully profit.  To the

15   extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-

16   CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD

17   should be adjusted accordingly.

18       36.    DEFENDANT maintains records from which the Court can ascertain

19   and  identify by name and job title, each of DEFENDANT's employees who have

20   been systematically, intentionally and uniformly subjected to DEFENDANT's

21   company policy, practices and procedures as herein alleged.  PLAINTIFF will seek

22   leave to amend the complaint to include any additional job titles of similarly situated

23   employees when they have been identified.

24       37.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder

25   of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

26       38.    Common questions of law and fact exist as to members of the

27   CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

28

(a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay overtime compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are entitled to overtime compensation for overtime worked under the overtime pay requirements of California law;

(c)     Whether DEFENDANT failed to accurately record the applicable overtime rates for all overtime worked PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS;

(d)     Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(e)     Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(f)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(g)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(h)     Whether DEFENDANT's conduct was willful.

39.     DEFENDANT, as a matter of company policy, practice and procedure, failed to accurately calculate overtime compensation for the CALIFORNIA LABOR SUB-CLASS Members and failed to provide accurate records of the applicable overtime rates for the overtime worked by these employees.  All of the

CALIFORNIA LABOR SUB-CLASS Members, including PLAINTIFF, were non-exempt employees who were paid on an hourly basis by DEFENDANT according to uniform and systematic company procedures as alleged herein above.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

40.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 510, *et seq*., by failing to accurately pay  PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194 & § 1198;

(b)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)    Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)    Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

(e)    Violating Cal. Lab. Code § 226, by failing to provide

1
2
3
4
5

PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

6
7
8
9
10
11
12

(f)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

13
14

41.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

15
16
17
18
19

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

20
21
22
23

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

24
25
26
27

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a non-exempt

28

employee paid on an hourly basis and paid additional non-discretionary incentive wages who was subjected to the DEFENDANT's practice and policy which failed to pay the correct rate of overtime wages due to the CALIFORNIA LABOR SUB-CLASS for all overtime worked. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

42.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to

individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct overtime rate, for all overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the

prosecution or defense of separate actions in that the
substantial expense of individual actions will be avoided to
recover the relatively small amount of economic losses
sustained by the individual CALIFORNIA LABOR SUB-
CLASS Members when compared to the substantial
expense and burden of individual prosecution of this
litigation;

2) Class certification will obviate the need for unduly
duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to
individual members of the CALIFORNIA LABOR
SUB-CLASS, which would establish incompatible
standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of
the CALIFORNIA LABOR SUB-CLASS would as a
practical matter be dispositive of the interests of the
other members not parties to the adjudication or
substantially impair or impede their ability to protect
their interests;

3) In the context of wage litigation because a substantial
number of individual CALIFORNIA LABOR SUB-CLASS
Members will avoid asserting their legal rights out of fear
of retaliation by DEFENDANT, which may adversely
affect an individual's job with DEFENDANT or with a
subsequent employer, the Class Action is the only means to
assert their claims through a representative; and,

4) A class action is superior to other available methods for the

1    fair and efficient adjudication of this litigation because
2    class treatment will obviate the need for unduly and
3    unnecessary duplicative litigation that is likely to result in
4    the absence of certification of this action pursuant to Fed
5    R. Civ. Proc. 23(b)(2) and/or (3).

6    43.    This Court should permit this action to be maintained as a Class Action
7    pursuant to Fed R. Civ. Proc. 23(b)(2) and/or (3) because:

8    (a)    The questions of law and fact common to the CALIFORNIA
9    LABOR SUB-CLASS predominate over any question affecting
10    only individual CALIFORNIA LABOR SUB-CLASS Members;

11    (b)    A Class Action is superior to any other available method for the
12    fair and efficient adjudication of the claims of the members of the
13    CALIFORNIA LABOR SUB-CLASS because in the context of
14    employment litigation a substantial number of individual
15    CALIFORNIA LABOR SUB-CLASS Members will avoid
16    asserting their rights individually out of fear of retaliation or
17    adverse impact on their employment;

18    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so
19    numerous that it is impractical to bring all members of the
20    CALIFORNIA LABOR SUB-CLASS before the Court;

21    (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS
22    Members, will not be able to obtain effective and economic legal
23    redress unless the action is maintained as a Class Action;

24    (e)    There is a community of interest in obtaining appropriate legal
25    and equitable relief for the acts of unfair competition, statutory
26    violations and other improprieties, and in obtaining adequate
27    compensation for the damages and injuries which

28

1     DEFENDANT's actions have inflicted upon the CALIFORNIA

2     LABOR SUB-CLASS;

3     (f)    There is a community of interest in ensuring that the combined

4     assets of DEFENDANT are sufficient to adequately compensate

5     the members of the CALIFORNIA LABOR SUB-CLASS for the

6     injuries sustained;

7     (g)    DEFENDANT has acted or refused to act on grounds generally

8     applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

9     making final class-wide relief appropriate with respect to the

10     CALIFORNIA LABOR SUB-CLASS as a whole;

11     (h)    The members of the CALIFORNIA LABOR SUB-CLASS are

12     readily ascertainable from the business records of DEFENDANT.

13     The CALIFORNIA LABOR SUB-CLASS consists of all

14     CALIFORNIA CLASS Members classified as non-exempt

15     employees during the CALIFORNIA LABOR SUB-CLASS

16     PERIOD; and,

17     (i)    Class treatment provides manageable judicial treatment calculated

18     to bring a efficient and rapid conclusion to all litigation of all

19     wage and hour related claims arising out of the conduct of

20     DEFENDANT as to the members of the CALIFORNIA LABOR

21     SUB-CLASS.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

44.     PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

45.     DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

46.     California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

47.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1, 1198, 2802, the FLSA, and the Code of Federal Regulations, The Fair Labor Standards Act and federal regulations promulgated thereunder, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

48.   By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

49.   By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and other members of the CALIFORNIA CLASS, wages due for overtime worked, failed to accurately to record the applicable rate of all overtime worked, and failed to provide the required amount of overtime compensation due to a systematic miscalculation of the overtime rate that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50.   By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51.   By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

52.   Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one

1   (1) hour of pay for each workday in which a second off-duty meal period was not timely

2   provided for each ten (10) hours of work.

3       53.    PLAINTIFF further demands on behalf of himself and on behalf of each

4   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off

5   duty paid rest period was not timely provided as required by law.

6       54.    By and through the unlawful and unfair business practices described herein,

7   DEFENDANT has obtained valuable property, money and services from PLAINTIFF

8   and the other members of the CALIFORNIA CLASS, including earned wages for all

9   overtime  worked, and has deprived them of valuable rights and benefits guaranteed by

10  law and contract, all to the detriment of these employees and to the benefit of

11  DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors

12  who comply with the law.

13      55.    All the acts described herein as violations of, among other things, the

14  Industrial Welfare Commission Wage Orders, the California Code of Regulations, and

15  the California Labor Code, were unlawful and in violation of public policy, were

16  immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute

17  unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code

18  §§ 17200, *et seq*.

19      56.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

20  entitled to, and do, seek such relief as may be necessary to restore to them the money

21  and property which DEFENDANT has acquired, or of which PLAINTIFF and the other

22  members of the CALIFORNIA CLASS have been deprived, by means of the above

23  described unlawful and unfair business practices, including earned but unpaid wages for

24  all overtime worked.

25      57.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

26  further entitled to, and do, seek a declaration that the described business practices are

27  unlawful, unfair and deceptive, and that injunctive relief should be issued restraining

28

1  DEFENDANT from engaging in any unlawful and unfair business practices in the
2  future.

3       58.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no
4  plain, speedy and/or adequate remedy at law that will end the unlawful and unfair
5  business practices of DEFENDANT.  Further, the practices herein alleged presently
6  continue to occur unabated.  As a result of the unlawful and unfair business practices
7  described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS
8  have suffered and will continue to suffer irreparable legal and economic harm unless
9  DEFENDANT is restrained from continuing to engage in these unlawful and unfair
10  business practices.

11  **SECOND CAUSE OF ACTION**
12  **For Failure To Pay Overtime Compensation**
13  **[Cal. Lab. Code §§ 204, 510, 1194 and 1198]**
14  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
15  **Defendants)**

16      59.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
17  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the
18  prior paragraphs of this Complaint.

19      60.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
20  CLASS bring a claim for DEFENDANT's willful and intentional violations of the
21  California Labor Code and the Industrial Welfare Commission requirements for
22  DEFENDANT's failure to accurately calculate the applicable rates for all overtime
23  worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS
24  and DEFENDANT's failure to properly compensate the members of the CALIFORNIA
25  LABOR SUB-CLASS for overtime worked, including, work performed in excess of
26  eight (8) hours in a workday and/or forty (40) hours in any workweek.

27      61.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations,

28

1    and public policy, an employer must timely pay its employees for all hours worked.

2        62.    Cal. Lab. Code § 510 further provides that employees in California shall

3    not be employed more than eight (8) hours per workday and/or more than forty (40)

4    hours per workweek  unless they receive additional compensation beyond their regular

5    wages in amounts specified by law.

6        63.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

7    wages, including overtime compensation and interest thereon, together with the costs

8    of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for

9    longer hours than those fixed by the Industrial Welfare Commission is unlawful.

10       64.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF

11   and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to

12   the correct amount of overtime worked and correct applicable overtime rate for the

13   amount of overtime they worked.  As set forth herein, DEFENDANT's uniform policy

14   and practice was to unlawfully and intentionally deny timely payment of wages due for

15   the overtime worked by PLAINTIFF and the other members of the CALIFORNIA

16   LABOR SUB-CLASS, and DEFENDANT in fact failed to pay these employees the

17   correct applicable overtime wages for all overtime worked.

18       65.    DEFENDANT's uniform pattern of unlawful wage and hour practices

19   manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS

20   as a whole, as a result of implementing a uniform policy and practice that denied

21   accurate compensation to  PLAINTIFF and the other members of the CALIFORNIA

22   LABOR SUB-CLASS for all overtime worked, including, the work performed in excess

23   of eight (8) hours in a workday and/or forty (40) hours in any workweek.

24       65.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF

25   and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or

26   suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time

27   they worked including overtime work.

28

CLASS ACTION COMPLAINT

66.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the amount of overtime worked and the applicable overtime rates and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

67.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for all overtime worked.

68.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, the PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

69.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

70.    DEFENDANT failed to accurately pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work,

overtime as to which DEFENDANT failed to accurately record and pay using the applicable overtime rate as evidenced by DEFENDANT's business records and witnessed by employees.

71.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

72.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their overtime worked.  DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the applicable overtime rate.

73.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite overtime compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

74.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, including overtime wages,

1  according to proof, interest, statutory costs, as well as the assessment of any statutory

2  penalties against DEFENDANT, in a sum as provided by the California Labor Code

3  and/or other applicable statutes.  To the extent overtime compensation is determined to

4  be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated

5  their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or

6  202, and therefore these individuals are also be entitled to waiting time penalties under

7  Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

8  CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged

9  herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other

10  CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover

11  statutory costs.

12  **THIRD CAUSE OF ACTION**

13  **For Failure To Pay Minimum Wages**

14  **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

15  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

16  **and Against All Defendants)**

17  75.  PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

18  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the

19  prior paragraphs of this Complaint.

20  76.  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

21  CLASS bring a claim for DEFENDANT's willful and intentional violations of the

22  California Labor Code and the Industrial Welfare Commission requirements for

23  DEFENDANT's failure to accurately calculate and pay minimum and reporting time

24  wages to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members.

25  77.  Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations,

26  and public policy, an employer must timely pay its employees for all hours worked.

27  78.  Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed

28

by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

79.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

80.   DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

81.   DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

82.   In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

84.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS members to work without paying them for all the time they were under DEFENDANT'S control.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

85.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

86.   DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked.   DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

87.   In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits

1    at the expense of these employees.

2         88.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
3    CLASS therefore request recovery of all unpaid wages, according to proof, interest,
4    statutory costs, as well as the assessment of any statutory penalties against
5    DEFENDANT, in a sum as provided by the California Labor Code and/or other
6    applicable statutes.  To the extent minimum wage compensation is determined to be
7    owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their
8    employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and
9    therefore these individuals are also be entitled to waiting time penalties under Cal. Lab.
10   Code § 203, which penalties are sought herein on behalf of these CALIFORNIA
11   LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was
12   willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA
13   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs

14

15                      **FOURTH CAUSE OF ACTION**
16              **For Failure to Provide Required Meal Periods**
17                 **[Cal. Lab. Code §§ 226.7 & 512 ]**
18   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
19                              **Defendants)**

20        89.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
21   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the
22   prior paragraphs of this Complaint.

23        90.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, from time to
24   time, DEFENDANT failed to provide all the legally required off-duty meal breaks to
25   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required
26   by the applicable Wage Order and Labor Code.  The nature of the work performed by
27   PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent

28
                                     40

these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.   Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

91.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

92.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties,

## FIFTH CAUSE OF ACTION

### For Failure to Provide Required Rest Periods

### [Cal. Lab. Code §§ 226.7 & 512 ]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

93.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

94.     PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.   DEFENDANT's uniform policy restricted PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members from unconstrained walks and was unlawful based on DEFENDANT'S rule which stated PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members could not leave the work premises during their rest period.

95.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

96.     As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

///

///

CLASS ACTION COMPLAINT

### SIXTH CAUSE OF ACTION

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

97.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

98.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the

43

corresponding number of hours worked at each hourly rate by the employee.

99.    From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct overtime rate for overtime worked, the correct gross wages earned, including, wages for work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek, and the correct penalty payments for missed meal and rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. Specifically, DEFENDANT violated Section 226 by failing to identify the correct rates of pay and number of hours worked, including for the "Other Earnings," item of pay.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code § 226.

100.    DEFENDANT knowingly and intentionally failed to comply with Cal. Labor Code § 226, causing injury and damages to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the correct rates for the overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent

44

1   pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the

2   time of trial (but in no event more than four thousand dollars ($4,000.00) for

3   PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS

4   herein).

5

6   **SEVENTH CAUSE OF ACTION**

7   **For Failure to Reimburse Employees for Required Expenses**

8   **[Cal. Lab. Code § 2802]**

9   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10  **Defendants)**

11      101.   PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

12  reallege and incorporate by this reference, as though fully set forth herein, the prior

13  paragraphs of this Complaint.

14      102.   Cal. Lab. Code § 2802 provides, in relevant part, that:

15      An employer shall indemnify his or her employee for all necessary
        expenditures or losses incurred by the employee in direct consequence of
16      the discharge of his or her duties, or of his or her obedience to the
        directions of the employer, even though unlawful, unless the employee, at
17      the time of obeying the directions, believed them to be unlawful.

18      103.   At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

19  by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR

20  SUB-CLASS members for required expenses incurred in the discharge of their job

21  duties for DEFENDANT's benefit.  DEFENDANT fails to reimburse PLAINTIFF and

22  the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are

23  not limited to, costs related to using their personal cellular phones and personal vehicles

24  all on behalf of and for the benefit of DEFENDANT.  DEFENDANT's uniform policy,

25  practice and procedure is to not reimburse PLAINTIFF and the CALIFORNIA LABOR

26  SUB-CLASS members for expenses resulting from using their personal cellular phones

27  and personal vehicles for DEFENDANT within the course and scope of their

28

employment for DEFENDANT. These expenses are necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT fails to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

104. PLAINTIFF therefore demands reimbursement for expenditures or losses incurred by her and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**EIGHTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

105. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

106. Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

107. Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due

46

1    and payable immediately."

2         108.   Cal. Lab. Code § 202 provides, in relevant part, that:

3         If an employee not having a written contract for a definite period quits his
          or her employment, his or her wages shall become due and payable not
4         later than 72 hours thereafter, unless the employee has given 72 hours
          previous notice of his or her intention to quit, in which case the employee
5         is entitled to his or her wages at the time of quitting. Notwithstanding any
          other provision of law, an employee who quits without providing a 72-hour
6         notice shall be entitled to receive payment by mail if he or she so requests
          and designates a mailing address. The date of the mailing shall constitute
7         the date of payment for purposes of the requirement to provide payment
          within 72 hours of the notice of quitting.

8
          109.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR
9
     SUB-CLASS Members' employment contract.
10
          110.   Cal. Lab. Code § 203 provides:
11
12        If an employer willfully fails to pay, without abatement or reduction, in
          accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
13        employee who is discharged or who quits, the wages of the employee shall
          continue as a penalty from the due date thereof at the same rate until paid
14        or until an action therefor is commenced; but the wages shall not continue
          for more than 30 days.

15        111.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-

16   CLASS Members terminated and DEFENDANT has not tendered payment of overtime

17   wages, to these employees who actually worked overtime, as required by law.

18        112.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and

19   the members of the CALIFORNIA LABOR SUB-CLASS whose employment has,

20   PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due

21   at time of termination for all employees who terminated employment during the

22   CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and

23   payment of all wages due, plus interest and statutory costs as allowed by law.

24   ///

25   ///

26   ///

27   ///

28
                                         47

1

**NINTH CAUSE OF ACTION**

2

**Fair Labor Standards Act, 29 U.S.C. §§ 201,** *et seq.* **("FLSA")**

3

**(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

4        113.   PLAINTIFF, and the other members of the COLLECTIVE CLASS,

5    reallege and incorporate by this reference, as though fully set forth herein the prior

6    paragraphs of this Complaint.

7        114.   DEFENDANT is engaged in communication, business, and transmission

8    between the states, and is, therefore, engaged in commerce within the meaning of 29

9    U.S.C. § 203(b).

10       115.   The PLAINTIFF further brings the Ninth Cause of Action on behalf of a

11   COLLECTIVE CLASS in accordance with 29 U.S.C. § 216 defined as all persons who

12   are or were previously employed by DEFENDANT in the United States and classified

13   as non-exempt employees (the "COLLECTIVE CLASS") at any time during the period

14   three (3) years prior to the filing of the Complaint and ending on the date as determined

15   by the Court (the "COLLECTIVE CLASS PERIOD").

16       116.   29 U.S.C. § 255 provides that a three-year statute of limitations applies to

17             willful

18   violations of the FLSA.

19       117.   29 U.S.C. § 207(a)(1) provides in pertinent part:

20             Except as otherwise provided in this section, no employer shall
               employ any of his employees who in any workweek is engaged in
21             commerce or in the production of goods for commerce, or is
               employed in an enterprise engaged in commerce or in the production
22             of goods for commerce, for a workweek longer than forty hours
               unless such employee receives compensation for his employment in
23             excess of the hours above specified at a rate not less than one and
               one-half times the regular rate at which he is employed.
24

25       118.   For purposes of calculating overtime pay, 29 U.S.C. § 207(e) provides, in

26   relevant part, that the "regular rate" of pay shall not include:

27             (1) sums paid as gifts; payments in the nature of gifts made at

28

Christmas time or on other special occasions, as a reward for service, the amounts of which are not measured by or dependent on hours worked, production, or efficiency;

(2) payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment;

(3) Sums paid in recognition of services performed during a given period if either, (a) both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments regularly; or (b) the payments are made pursuant to a bona fide profit-sharing plan or trust or bona fide thrift or savings plan, meeting the requirements of the Administrator set forth in appropriate regulations which he shall issue, having due regard among other relevant factors, to the extent to which the amounts paid to the employee are determined without regard to hours of work, production, or efficiency; or (c) the payments are talent fees (as such talent fees are defined and delimited by regulations of the Administrator) paid to performers, including announcers, on radio and television programs;

119.   The bonus compensation awarded to the PLAINTIFF and other members of the COLLECTIVE CLASS was not a gift given as a reward for the PLAINTIFF's and COLLECTIVE CLASS Members' service to DEFENDANT that was not measured on their production, was not a payment made to PLAINTIFF and other members of the COLLECTIVE CLASS during a period in which these employees performed no work, and was not a sum paid to the PLAINTIFF and other members of the COLLECTIVE CLASS at the sole discretion of DEFENDANT as to the timing of the payment and as to the amount to which the payment totaled. Instead, the bonus compensation awarded to PLAINTIFF and other members of the COLLECTIVE CLASS was a non-discretionary wage that was directly proportional to the work performed by these employees for DEFENDANT and was announced to the PLAINTIFF and COLLECTIVE CLASS Members to encourage these employees to work more efficiently and was awarded based on these employees' production

during the applicable bonus pay period.  As a result, the bonus wage awarded to PLAINTIFF and other members of the COLLECTIVE CLASS must be included in the regular rate of pay for the purposes of calculating the correct overtime rate due to the PLAINTIFF and other members of the COLLECTIVE CLASS.

120.    DEFENDANT failed and still fails to include the bonus compensation as part of the PLAINTIFF's and other COLLECTIVE CLASS Members' "regular rate of pay" for the purposes of calculating overtime pay due to these employees. For the reasons set forth herein, the bonus compensation received by the PLAINTIFF and members of the COLLECTIVE CLASS should be included in their "regular rate of pay."  The failure to do so resulted in a systematic and illegal underpayment of overtime compensation to PLAINTIFF and other members of the COLLECTIVE CLASS.

121.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*., the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek.  In addition, PLAINTIFF and other COLLECTIVE CLASS Members were required to work off the clock in order to meet DEFENDANT 's work requirements, this work included but was not limited to, pulling work orders and preparing pallets to be ready for loading onto trucks in order to be ready to work the second his work shift started.  DEFENDANT knew or should have known PLAINTIFF was working off the clock and DEFENDANT failed to pay PLAINTIFF for this off the clock work.   DEFENDANTS' failure to correctly calculate overtime wages as required by federal law was willful and not in good faith.

122.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other members of the COLLECTIVE CLASS, worked more than forty (40) hours in a

1    workweek.

2        123.   At all relevant times, DEFENDANT failed to include the bonus

3    compensation in the regular rate of pay for the PLAINTIFF and the COLLECTIVE

4    CLASS resulting in an illegal underpayment of overtime compensation during the

5    COLLECTIVE CLASS PERIOD.  Thus, DEFENDANT failed to pay the

6    PLAINTIFF, and other members of the COLLECTIVE CLASS, overtime

7    compensation for the hours they have worked in excess of the maximum hours

8    permissible by law as required by § 207 of the FLSA, even though the PLAINTIFF,

9    and the other members of the COLLECTIVE CLASS, were regularly required to

10   work, and did in fact work, overtime hours.

11       124.    For purposes of the Fair Labor Standards Act, the employment

12   practices of DEFENDANT were and are uniform throughout the United States in all

13   respects material to the claims asserted in this Complaint.

14       125.   As a result of DEFENDANT's failure to pay the correct overtime

15   compensation at the applicable overtime rate for overtime hours worked, as required

16   by the FLSA, the PLAINTIFF and the members of the COLLECTIVE CLASS were

17   damaged in an amount to be proved at trial.

18       126.   Therefore, the PLAINTIFF demands that he and the members of the

19   COLLECTIVE CLASS be paid the correct overtime compensation as required by the

20   FLSA for every hour of overtime worked in any workweek for which the bonus

21   wage was awarded, plus interest and statutory costs as provided by law.

22                              **PRAYER FOR RELIEF**

23       WHEREFORE, PLAINTIFF prays for judgment against each Defendant,

24   jointly and severally, as follows:

25   1.   On behalf of the CALIFORNIA CLASS:

26       A)   That the Court certify the First Cause of Action asserted by the

27            CALIFORNIA CLASS as a class action pursuant to  Fed R. Civ. Proc.

28

51

23(b)(2) and/or (3);

B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to  Fed R. Civ. Proc. 23(b)(2) and/or (3);

B)   Compensatory damages, according to proof at trial, including compensatory damages for minimum wage and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)   Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

D)   The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate

penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

E) For liquidated damages pursuant to California Labor Code Sections 1194.2 and 1197;

F) The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

G) The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Ninth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

B) Issue a declaratory finding that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act; and,

C) That the PLAINTIFF and the COLLECTIVE CLASS members recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4. On all claims:

A) An award of interest, including prejudgment interest at the legal rate;

B) Such other and further relief as the Court deems just and equitable; and,

C) An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §226, §1194 and/or §2802.

Dated: February 15, 2021     BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP


By: _____/s/ Norman Blumenthal_____
         Norman B. Blumenthal
         Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1

## **<u>DEMAND FOR A JURY TRIAL</u>**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

Dated: February 15, 2021  BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP

5

6

7

/s/ Norman Blumenthal

By:

8

Norman B. Blumenthal
Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT