UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR VELASQUEZ, *an individual on behalf of himself and on behalf of all persons similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SUN-MAID GROWERS OF CALIFORNIA,<br><br>Defendant. | Case No. 1:21-cv-00194-JLT-EPG<br><br>ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT<br><br>**SEVEN-DAY (7) DEADLINE** |

Plaintiff Victor Velasquez ("Plaintiff") initiated this putative class action against Defendant Sun-Maid Growers of California ("Defendant") on February 15, 2021, alleging various claims for violations of federal and state labor law. (ECF No. 1). Defendant filed an answer to Plaintiff's complaint on May 4, 2021. (ECF No. 13). The Court held a scheduling conference (ECF No. 16) and issued a scheduling order on June 16, 2021, opening discovery on Plaintiff's merits and class certification. (ECF No. 17). The Court also set a June 2022 deadline for Plaintiff to file his motion for class certification. (*Id.*)

On December 22, 2021, the parties filed a joint stipulation to stay the matter. (ECF No.

22). According to the parties' stipulation, prior to filing this federal action, Plaintiff filed a representative action against Defendant in the Fresno County Superior Court seeking civil penalties under the Private Attorney General Act of 2004, Cal. Labor Code § 2699, et seq. (the "*Velasquez* PAGA action"). (*Id.*, p. 3). The *Velasquez* PAGA action was then consolidated in state court with another class and representative PAGA action pending in the Fresno County Superior Court, *David Diaz v. Sun-Maid Growers of California* (the "*Diaz action*"). (*Id.*) Due to discovery issues and scheduling continuances in the *Diaz* matter, the parties sought a "brief stay" in this case pending a state court ruling on the motion for class certification in the *Diaz* action. (*Id.*, pp. 3-4). On January 3, 2022, the Court granted the parties' stipulation to stay the case and vacated the scheduling order. (ECF No. 23). The Court directed the parties to file a joint status report "[w]ithin six months of entry of this order, if the state court has not yet issued a ruling on the motion for class certification. . . advising the Court of the status of the Diaz Action and the parties' positions on continuing the stay." (*Id.*, p. 2).

The parties filed a joint status report on July 1, 2022. (ECF No. 25). The parties sought a further extension of the stay in light of continued deadline for the motion for class certification in the state court *Diaz* action. (*Id.*) On July 5, 2022, the Court ordered that this case remain stayed and directed the parties to file a further status report within seven days of a ruling in the *Diaz* action, or if no ruling had issued, within six months. (ECF No. 26).

On December 28, 2022, the parties filed a joint status report stating that the state court granted the motion for class certification in the *Diaz* action. (ECF No. 27). Plaintiff requested that the Court set a hearing for Plaintiff's class certification motion in, or after, January 2024. (*Id.*, p. 2). Defendant took the position that setting a schedule for class certification was "premature" based on Defendant's belief that Plaintiff intends to pursue claims in this case that were certified in the *Diaz* action, and because Defendant "intends to file dispositive motions in the *Diaz* action, including but not limited to a motion for summary judgment and/or adjudication, which may narrow the claims against Defendant." (*Id.*, pp. 2-3). However, Defendant agreed that any hearing on the motion should be held in 2024. (*Id.*, p.3).

On January 4, 2023, after considering the parties' differing positions, the Court issued an order lifting the stay in this case. (ECF No. 28, p. 2). The Court set a briefing schedule for class

certification, ordering Plaintiff to file his motion for class certification by December 8, 2023. (*Id.*) Per the parties' request, the Court set a hearing on the motion for February 2, 2024, at 10:00 a.m. (*Id.*, p. 3).

Plaintiff did not file a motion for class certification by the Court's deadline. Moreover, Plaintiff has not filed any report either requesting a further stay or the continuance of any deadlines. This case has been pending for nearly three years.

Accordingly, Plaintiff shall file a report within seven days regarding Plaintiff's intentions in prosecuting his claims against Defendant.[1]

Based on the foregoing, IT IS ORDERED that Plaintiff shall file a report regarding his intentions in prosecuting this case within **seven-days** of this order. **Failure to file a timely report may result in an order to show cause why sanctions should not issue for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 15, 2023**         /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff requests a *nunc pro tunc* extension of the deadline to file a motion for class certification, such a request must show good cause.

3